IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling Division

ELECTRONICALLY FILED
Jul 19 2019
U.S. DISTRICT COURT
Northern District of WV

JONATHAN MURRAY,

    Plaintiff,

v.                                     Civil Action No. 5:19-CV-222 (Bailey)

MELISSA SAVILLE,                  **JURY TRIAL DEMANDED**

    Defendant.

## COMPLAINT

NOW COMES Plaintiff, Jonathan Murray, by and through his undersigned counsel, and pursuant to 28 U.S.C. §1332, the federal constitution, and the constitution and laws of the State of West Virginia, for his cause of action against Defendant Melissa Saville, pleads and avers as follows:

### I. STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332. This Court has pendent jurisdiction over all state law claims herein asserted pursuant to *United Mine Workers v. Gibbs*, 388 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Venue is proper because the wrongful acts of Defendant occurred in the Northern District of West Virginia.

### II. GENERAL RECITALS

2. Plaintiff, Jonathan Murray, is a citizen and resident of the State of Ohio.

3. Defendant, Melissa Saville, ("Defendant") is a citizen and resident of the State of West Virginia.

4. Plaintiff is the former spouse of Defendant.

1

5. The divorce in 2011 was particularly contentious.

6. Over the years, Plaintiff has reported instances of suspected abuse of Plaintiff and Defendant Saville's minor children to various authorities.

7. As a result of family court proceedings held in Ohio County, West Virginia, Plaintiff was awarded primary custody of their two minor children. Defendant was ordered to pay Plaintiff child support, as well as contribute to the medical expenses of the children.

8. In or about February 2019, the Bureau for Child Support Enforcement entered an affidavit of accrued support stating that Defendant had failed to pay child support to Plaintiff for some time.

9. Defendant also owes thousands on behalf of the children's medical expenses.

10. On or about July 9, 2019, Defendant coerced their minor daughter to make scandalous allegations against Plaintiff to wrongfully obtain monies from Plaintiff. The allegations are substantively and patently false, as the daughter was examined by multiple health care professionals over the years, and not once did the daughter make any type of allegation against Plaintiff.

11. In fact, after Defendant coerced the daughter to make scandalous allegations, Defendant continued to permit the daughter unsupervised overnight visits with Plaintiff, thereby showing that the allegations are false and motivated by Defendant's desire to wrongfully obtain monies from Plaintiff.

12. As a result of the false allegations made by the daughter at Defendant's urging, the police were notified.

13. Upon information and belief, Defendant made a false police report, which is a crime.

14. As a result of Defendant's malicious and wrongful actions, Plaintiff has been damaged.

## COUNT ONE
## TORT OF OUTRAGE/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

15. Plaintiff repleads in *haec verba* the allegations contained within §§1-14 as if the same were set forth fully herein.

16. Defendant acted toward Plaintiff in a manner which was atrocious, utterly intolerable in a civilized community, and so extreme and outrageous as to exceed all possible bounds of decency and with intent to inflict emotional distress on Plaintiff, or, alternatively, Defendant acted recklessly in such manner, when it was certain or substantially certain that such distress to Plaintiff would result from Defendant's conduct thereby proximately causing Plaintiff to suffer emotional distress which was so severe that no reasonable person could be expected to endure it.

17. As a direct and proximate cause of the acts and omissions of Defendant, as aforesaid, Plaintiff sustained and continue to sustain damages, severe emotional trauma, and losses and the incursion of medical bills and future medical expenses, counsel fees, emotional pain and suffering, embarrassment, humiliation, aggravation and inconvenience, and other losses and damages.

## COUNT TWO
## CIVIL CONSPIRACY

18. Plaintiff repleads in *haec verba* the allegations contained within §§1-15 as if the same were set forth fully herein.

19. By entering into an express or implicit agreement to commit an unlawful act or to commit a lawful act through unlawful means by engaging in an overt act, to-wit: a) by contacting the police and making a false police report and b) forcing the daughter to report abuse that did not occur in order to wrongfully gain financial profit and/or retaliate against Plaintiff for

3

reporting instances of suspected abuse and c) meeting with other unnamed persons (which discovery will show), Defendant and other unnamed persons conspired to deprive Plaintiff of his constitutional rights guaranteed under U.S. Const. Amd. 4 and W. Va. Const. Art. III, §6, and thereby inflicted damage on Plaintiff, proximately causing Plaintiff to sustain losses and damages, including extreme fear, torment and suffering of his body and mind, embarrassment, humiliation, aggravation and inconvenience, and other losses and damages, including, but not limited to, pecuniary losses and damages in the form of past and future medical expenses and counsel fees.

## COUNT THREE
## ABUSE OF PROCESS

20. Plaintiff repleads in *haec verba* the allegations contained within §§1-19 as if the same were set forth fully herein.

21. On or about July 17, 2019, a search warrant was executed on Plaintiff's residence.

22. Defendant, by wrongfully making a false police report, caused Plaintiff to be served with process to wit: a search warrant.

23. Defendant's willful or malicious misuse or misapplication of lawfully issued process to accomplish some purpose not intended or warranted by that process constitutes abuse of process.

24. Defendant caused the search warrant to be brought for the improper collateral purpose of obtaining monies from Plaintiff and/or to retaliate against Plaintiff for making reports of suspected abuse to various authorities.

25. Defendant's conduct constitutes common law abuse of process.

26. Plaintiff has been damaged as a direct and proximate result of Defendant's wrongful conduct.

4

## COUNT FOUR
## WEST VIRGINIA CODE §55-7-9

27. Plaintiff repleads in *haec verba* the allegations contained within §§1-26 as if the same were set forth fully herein.

28. As more fully set forth *supra,* Defendant's wrongful conduct violates W.Va. Code § 61-6-20(3) and such conduct gives rise to a civil cause of action per W.Va. Code § 55-7-9.

29. As a direct and proximate result of the wrongful conduct of Defendant, Plaintiff has been damaged in an amount to be determined at trial by a jury.

## III. CONCLUSION

WHEREFORE**,** your Plaintiff Jonathan Murray, prays for judgment against Defendant for an amount in excess of $75,000.00, for his special and general injuries, losses and damages as aforesaid, exemplary damages, attorney fees, the costs of this action and for such other legal and equitable relief to which he may be entitled.

**Plaintiff demands a trial by jury.**

Jonathan Murray,
Plaintiff,
by counsel,

/s/ Paul J. Harris
Paul J. Harris
WV Bar # 4673
32 Fifteenth Street
Wheeling, WV 26003
304.232.5300

5