**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**JONATHAN MURRAY,**
        **Plaintiff,**

**v.**                                                                                      **Civil Action No:** 5:19-cv-222

**MELISSA SAVILLE,**
    **Defendant.**

---

**DEFENDANT MELISSA SAVILLE'S MOTION TO DISMISS, ANSWER TO FIRST AMENDED COMPLAINT, AND COUNTERCLAIM**

---

COMES NOW the Defendant, Melissa Saville, by and through counsel, Teresa Toriseva, Esq., Jake Polverini, Esq., and Toriseva Law and Mark A. Kepple, Esq. and the law firm of Bailey & Wyant, P.L.L.C., and for her Answer to Plaintiff's First Amended Complaint, state as follows:

**MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(1) and (3) this Defendant moves to dismiss this matter because there in no subject matter jurisdiction. Jonathan Murray was not a resident of the State of Ohio at the time this matter was filed. Jonathan Murray was a resident of the State of West Virginia as was the Defendant. Thus, no diversity of citizenship exists and this Court lacks jurisdiction over the matter. Therefore, Plaintiff's claim must be dismissed.

**FIRST AFFIRMATIVE DEFENSE**

This court lacks subject matter jurisdiction as the Plaintiff, Jonathan Murray was not a citizen and resident of the State of Ohio at the time of filing, but claims so simply for the purpose of fraudulently establishing jurisdiction.

**SECOND AFFIRMATIVE DEFENSE**

Many of the items discussed in the First Amended Complaint are governed by the Family Court of Ohio County, West Virginia and thus, this Court is subject to that jurisdiction and the confidentiality attended to those matters.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has alleged in Count II that a civil conspiracy occurred. Conspiracy, by its definition, requires more than one person. Therefore, there can be no civil conspiracy in this matter as a matter of law.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted and should therefore be dismissed.

### FIFTH AFFIRMATIVE DEFENSE

The allegations of Plaintiff Melissa Saville in Civil Action No. 5:19-cv-224 are true, this Complaint has no merit whatsoever and is brought to harass a victim of sexual harassment.

### SIXTH AFFIRMATIVE DEFENSE

The allegations in the Complaint are barred by the doctrine of unclean hands and laches.

### SEVENTH AFFIRMATIVE DEFENSE

The allegations and damages asserted by the Plaintiffs in the Complaint may have been caused by others and not this Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

The Defendant asserts and preserves the affirmative defenses of accord and satisfaction, assumption of the risk, contributory negligence, comparative fault, estoppel, waiver, and any other matter constituting an avoidance or affirmative defense.

### NINTH AFFIRMATIVE DEFENSE

The allegations and damages asserted by the Plaintiffs were caused by superseding, intervening and/or independent causes over which this Defendant had no control and in no way participated.

## TENTH AFFIRMATIVE DEFENSE

Defendant is not guilty of any breach of duty or any negligent activities which proximately caused or contributed to the events, injuries or damages claimed by the Plaintiffs.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as the Plaintiff has failed to mitigate their damages.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant denies it breached any affirmative duty or standard of care with respect to the Plaintiffs.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' may have failed to name or join an indispensable party or parties to this civil action and this Complaint should be dismissed.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert any and all additional affirmative defenses that may become apparent through discovery.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant denies all allegations of fault, responsibility, failure to meet a responsibility, duty or violation of a duty, as well as allegations that it breached or violated any duties, warranties, obligations, agreements, contracts, statutes, rules, regulations, laws or standards whatsoever with respect to the allegations contained in the Plaintiffs' Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff filed to join an indispensable party necessary for full adjudication of the issues, *i.e.* S.M, and the Harmony House and unknown child advocates and counselors.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Defendant reserves the defenses of fraud, malice, intent and knowledge.

## EIGHTEENTH AFFIRMATIVE DEFENSE AND ANSWER

1. The Defendant denies the allegations in Paragraph 1 of Plaintiff's First Amended Complaint.

2. The Defendant denies the allegations in Paragraph 2 of Plaintiff's First Amended Complaint.

3. The Defendant admits the allegations in Paragraph 3 of Plaintiff's First Amended Complaint.

4. The Defendant denies the allegations in Paragraph 4 of Plaintiff's First Amended Complaint.

5. The Defendant denies the allegations in Paragraph 5 of Plaintiff's First Amended Complaint. However, it is admitted that the two were divorced in 2011.

6. The Defendant admits that Plaintiff has reported instances of abuse at the hands of the Plaintiff to various authorities. The remainder of the allegations in Paragraph 6 of Plaintiff's First Amended Complaint are denied.

7. The Family Court proceedings referenced in Paragraph 7 of Plaintiff's First Amended Complaint are subject to confidentiality, and thus, Defendant is unable to respond to the allegations in Paragraph 7 of Plaintiff's First Amended Complaint other than to say the allegations in Paragraph 7 are denied to the extent that they are contrary to the lawful orders of the Family Court in Ohio County, West Virginia.

8. The Family Court proceedings referenced in Paragraph 8 of Plaintiff's First Amended Complaint are subject to confidentiality, and thus, Defendant is unable to respond to the allegations in Paragraph 8 of Plaintiff's First Amended Complaint other than to say the allegations in Paragraph 8 are denied to the extent that they are contrary to the lawful orders of the Family Court in Ohio County, West Virginia.

9. The Defendant denies the allegations in Paragraph 9 of Plaintiff's First Amended Complaint as stated and demands strict proof thereof.

10. The Defendant denies the allegations in Paragraph 10 of Plaintiff's First Amended Complaint and therefore, demands strict proof thereof.

11. The Defendant denies the allegations in Paragraph 11 of Plaintiff's First Amended Complaint and therefore, demands strict proof thereof.

12. The Defendant denies the allegations in Paragraph 12 of Plaintiff's First Amended Complaint and therefore, demands strict proof thereof.

13. The Defendant denies the allegations in Paragraph 13 of Plaintiff's First Amended Complaint and therefore, demands strict proof thereof.

14. The Defendant denies the allegations in Paragraph 14 of Plaintiff's First Amended Complaint and therefore, demands strict proof thereof.

## COUNT ONE
## TORT OF OUTRAGE/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

15. The Defendant's responses to Paragraphs 1-14 of the Complaint are reasserted and restated in response to Count I of the Complaint.

16. The Defendant denies the allegations in Paragraph 16 of Plaintiff's First Amended Complaint.

17. The Defendant denies the allegations in Paragraph 17 of Plaintiff's First Amended Complaint.

## COUNT TWO
## CIVIL CONSPIRACY

18. The Defendant's responses to Paragraphs 1-17 of the Complaint are reasserted and restated in response to Count I of the Complaint.

19. The Defendant denies the allegations in Paragraph 19 of Plaintiff's First Amended Complaint.

## COUNT THREE
## ABUSE OF PROCESS

20. The Defendant's responses to Paragraphs 1-19 of the Complaint are reasserted and restated in response to Count I of the Complaint.

21. Upon information and belief, the allegations of Paragraph 21 of Plaintiff's Complaint are admitted.

22. The Defendant denies the allegations in Paragraph 22 of Plaintiff's First Amended Complaint.

23. The Defendant denies the allegations in Paragraph 23 of Plaintiff's First Amended Complaint.

24. The Defendant denies the allegations in Paragraph 24 of Plaintiff's First Amended Complaint.

25. The Defendant denies the allegations in Paragraph 25 of Plaintiff's First Amended Complaint.

26. The Defendant denies the allegations in Paragraph 26 of Plaintiff's First Amended Complaint.

## COUNT FOUR

## WEST VIRGINIA CODE §55-7-9

27. The Defendant's responses to Paragraphs 1-26 of the Complaint are reasserted and restated in response to Count I of the Complaint.

28. The Defendant denies the allegations in Paragraph 28 of Plaintiff's First Amended Complaint.

29. The Defendant denies the allegations in Paragraph 29 of Plaintiff's First Amended Complaint.

## COUNT FIVE
## WEST VIRGINIA CODE §61-6-25

30. The Defendant's responses to Paragraphs 1-29 of the Complaint are reasserted and restated in response to Count I of the Complaint.

31. The Defendant denies the allegations in Paragraph 31 of Plaintiff's First Amended Complaint.

32. The Defendant denies the allegations in Paragraph 32 of Plaintiff's First Amended Complaint.

33. The Defendant denies the allegations in Paragraph 33 of Plaintiff's First Amended Complaint.

34. The Defendant denies the allegations in Paragraph 34 of Plaintiff's First Amended Complaint.

35. This Defendant denies each and every other allegations not specifically admitted to herein.

WHEREFORE, the Defendant respectfully requests the Court dismiss Plaintiff's Complaint, award costs incurred in and about the defense of this matter, and for all further relief this Court deems appropriate.

**DEFENDANT DEMANDS A JURY TRIAL**

## COUNTERCLAIM

1. Plaintiff filed this Complaint in an effort to coerce Melissa Saville's daughter to abandon and/or fail to file suit for the abuse she suffered.

2. Melissa Saville incorporates by reference the claims underlying the Plaintiff's Complaint as set forth in Civil Action No. 19-C-173 and improperly removed to this Court in Civil Action No. 5:19-cv-224.

3. As a direct and proximate result of Plaintiff's conduct, Defendant suffered damages.

4. Plaintiff must be estopped and bound by a court ordered injunction from further conduct calculated to persuade victims of sexual abuse from presenting claims.

5. Plaintiff's actions have caused and will continue to cause immediate and irreparable injury to the plaintiffs in that such litigation has a chilling impact upon the victim of Mr. Murray's abuse, Savannah Murray, from protecting her rights reporting matters to police, reporting matters to victim advocates, and is otherwise an attempt to thwart further development of the criminal and civil proceedings Savanah by and through her mother, M.S. has brought.

6. Plaintiff's continued unreasonable and/or intentional effort to obfuscate M.S. and S.M.'s effort to seek justice must fail.

7. Plaintiff must be compelled to cease pursuing litigation such as the present matter and dismiss all such inappropriate proceedings.

8. Unless and until Plaintiff implements the measures outlined above, the plaintiffs will continue to suffer and experience damages.

9.      An injunction compelling Plaintiff to cease and desist this and other efforts is necessary in that plaintiffs have no remedy at law and the harm cannot be fully compensated by money damages.

**WHEREFORE**, Melissa Saville respectfully requests this Court grant her request for injunctive relief, and for any and all further relief this Court deems appropriate.

By: ___/s/ Mark A. Kepple_____

Mark A. Kepple, Esq. (#7470)
Bailey & Wyant, P.L.L.C.
1219 Chapline Street
Wheeling, WV 26003
Telephone: (304) 233-3100
Fax: (304) 233-0201
Email: mkepple@baileywyant.com


Teresa C. Toriseva, Esq. (#6947)
Jake J. Polverini, Esq. (#11915)
TORISEVA LAW
1446 National Road Wheeling, WV 26003
Telephone: (304) 238-0066
Facsimile: (304) 238-0149
Email: justice@torisevalaw.com
*Counsel for Defendant*

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**JONATHAN MURRAY,**
        **Plaintiff,**

**v.**                                      **Civil Action No:** 5:19-cv-222

**MELISSA SAVILLE,**
    **Defendant.**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing **DEFENDANT MELISSA SAVILLE'S MOTION TO DISMISS, ANSWER TO FIRST AMENDED COMPLAINT, AND COUNTERCLAIM** was served to the individuals listed below via cm/ecf, on the 8th of August, 2019 which will provide electronic notice to the following:

Paul Harris, Esq.,
32 15th Street
Wheeling, WV 26003
*Counsel for Defendant Jonathan Murray*

                                                By: __/s/ Mark A. Kepple_____

                                                Mark A. Kepple, Esq. (#7470)
                                                Bailey & Wyant, P.L.L.C.
                                                1219 Chapline Street
                                                Wheeling, WV 26003
                                                Telephone: (304) 233-3100
                                                Fax: (304) 233-0201
                                                Email: mkepple@baileywyant.com

                                                Teresa C. Toriseva, Esq. (#6947)
                                                Jake J. Polverini, Esq. (#11915)
                                                TORISEVA LAW
                                                1446 National Road Wheeling, WV 26003
                                                Telephone: (304) 238-0066
                                                Facsimile: (304) 238-0149
                                                Email: justice@torisevalaw.com

*Counsel for Defendant*